UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X      **Docket No.:** 17-cv-5595
DESEAN BURTON,

Plaintiff(s),

COMPLAINT

-against-

CITY OF NEW YORK, POLICE OFFICER MICHELE          **JURY TRIAL DEMANDED**
CETTA, TAX REG # 950185, POLICE OFFICER ERIC
ORTEGA, TAX REG # 939151, and SERGEANT
ANZELMO GIOVANNIELLO, TAX REG # 932713 and
POLICE OFFICER JOHN DOES 1-10,
------------------------------------------------------------------X

Plaintiff, DESEAN BURTON, by and through his attorneys, RENFROE DRISCOLL &

FOSTER, LLP, as and for their Complaint, against the Defendants, respectfully states and

alleges, upon information and belief, as follows:

PRELIMINARY STATEMENT

1.  This is a civil action for monetary relief, including past economic loss, compensatory

damages, punitive damages, disbursements, costs and fees brought under 42 U.S.C. §§ 1983,

1985 and 1986, and grounded in rights secured by the First, Fourth, Fifth, Sixth and Fourteenth

Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff,

while lawfully present in front of the premises know as145-39 Glassboro Avenue, in the County

of Queens, State of New York, was subjected to an improper stop, an unlawful search and

seizure, and was unlawfully arrested by the individually named defendants. Plaintiff was

deprived of his constitutional and common law rights when the individual Defendants unlawfully

confined Plaintiff, caused the unjustifiable arrests of Plaintiff, and conducted an unlawful search

and seizure of Plaintiff.

## JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (a) and the aforementioned statutory and constitutional provisions.

3.  Plaintiff further invokes the pendent jurisdiction of this Court, pursuant to 28 U.S.C.A. § 1367, to hear and decide any and all claims arising under state law and causes of action that derive from the same nucleus of operative facts and are part of the same case of controversy that gives rise to the federally based claims and causes of action.

## VENUE

4.  Venue herein is proper under 28 U.S.C. § 1391(a), (b) and (c) because the cause of action arose in the Eastern District of New York, and one or more of the Defendants are subject to personal jurisdiction in the Eastern District of New York, and have contacts sufficient to subject them to personal jurisdiction in the Eastern District of New York.

## PARTIES

5.  During all times relevant to this Complaint, Plaintiff, DESEAN BURTON, was and still is, a citizen of the United States, residing in the County of Queens, State of New York.

6.  The Defendant CITY OF NEW YORK (hereinafter "CITY") is a duly constituted municipal corporation of the State of New York and is and was the employer of POLICE OFFICER MICHELE CETTA, TAX REG # 950185 (hereinafter referred to as "CETTA"), POLICE OFFICER ERIC ORTEGA, TAX REG # 939151 (hereinafter referred to as "ORTEGA"), SERGEANT ANZELMO GIOVANNIELLO, TAX REG # 932713 (hereinafter

2

referred to as "GIOVANNIELLO") and certain of the unnamed police officers and Detectives, and other personnel (JOHN DOES 1-10).

7.   Upon information and belief, during all times relevant to this Complaint, Defendant, CETTA, was and is a citizen and resident of the State of New York; and at all times herein mentioned was a Police Officer employed by the CITY, under the direction of the CITY and was acting in furtherance of the scope of her employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or CITY, and acting in her individual and official capacity.

8.   Upon information and belief, during all times relevant to this Complaint, Defendant, ORTEGA, was and is a citizen and resident of the State of New York; and at all times herein mentioned was a Police Officer employed by the CITY, under the direction of the CITY and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or CITY, and acting in his individual and official capacity.

9.   Upon information and belief, during all times relevant to this Complaint, Defendant, GIOVANNIELLO, was and is a citizen and resident of the State of New York; and at all times herein mentioned was a Police Officer employed by the CITY, under the direction of the CITY and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or CITY, and acting in his individual and official capacity.

10. That "JOHN DOES" 1-10 were at all times herein mentioned police officers and/or detectives, in their individual and official capacities, employed by CITY under direction of Defendant, CITY, and were acting in furtherance of the scope of their employment, acting under

3

color of law, *to wit*, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or the CITY.

11. During all times relevant to this Complaint, the Defendants, and each of them, were acting under color of law, *to wit*, under color of constitution, statutes, ordinances, laws, rules, regulations, policies, customs and usages of the State of New York and/or the CITY.

12. During all times relevant to this Complaint, the Defendants, separately and in concert, engaged in acts or omissions which constituted deprivation of the constitutional rights, privileges and immunities of the Plaintiff, and while these acts were carried out under color of law, they had no justification or excuse in law and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or ensuring civil order.

13. During all times relevant to this Complaint, the Defendants, and each of them, had the power and the duty to restrain the other Defendants and prevent them from violating the law and the rights of the Plaintiff, but each of the Defendants failed and refused to restrain the other Defendants; and thereby, became a party to unlawfully subjecting the Plaintiff to denial of basic rights.

## FACTUAL ALLEGATIONS

14. On or about September 25, 2014, at approximately 3:15 p.m., Plaintiff, DESEAN BURTON (hereinafter referred to as "BURTON" or "Plaintiff"), was lawfully in front of the premises know as 145-39 Glassboro Avenue, County of Queens, City and State of New York.

15. At that time, Plaintiff was approached by three officers of the CITY – *to wit*, Defendant, CETTA, Defendant, ORTEGA, and Defendant, GIOVANNIELLO. The Defendants were in an unmarked radio mobile patrol unit ("RMP").

4

16. The RMP was stopped within five (5) feet of Plaintiff; whereupon, Defendant, CETTA, Defendant, ORTEGA, and Defendant, GIOVANNIELLO, exited the RMP and approached Plaintiff.

17. At that time, the trunk of the 2013 Toyota was closed and Plaintiff was on the curb, away from the car.

18. Plaintiff was making his way back toward the nearby building when Defendant, CETTA, yelled at Plaintiff to stop and Plaintiff complied.

19. Without consent, Defendants then opened the driver door of the 2013 Toyota, entered the vehicle, pulled the lever and unlocked the trunk of the car.

20. Defendant, CETTA, then conducted an illegal search of Plaintiff's personal contents within the trunk and Defendants unlawfully arrested Plaintiff as a direct result of the illegal search.

21. On September 15, 2016, a hearing took place in the Supreme Court of the State of New York, County of Queens: Criminal Term, where Defendant, CETTA, testified as a witness regarding the illegal search and unlawful arrest of Plaintiff, BURTON, that took place on or about September 25, 2014.

22. Thereafter, video footage of the illegal search and unlawful arrest that took place on September 25, 2014, was presented in the hearing and the criminal charges against Plaintiff was dismissed in its entirety.

23. The video footage of the incident shows Plaintiff lawfully standing on the curb with the trunk of the car closed when he was approached by Defendants.

24. Furthermore, the video footage of the incident shows Defendants illegally opening the driver door of the 2013 Toyota, entering the vehicle, and unlocking the trunk of the vehicle.

25. Upon information and belief, Defendants, CETTA, ORTEGA, GIOVANNIELLO and POLICE OFFICER JOHN DOES 1-10, conspired with each other and agreed to an altered version of what transpired during the after noon hours of September 25, 2014, and made a conscious decision to omit certain information and include false information in the Police Report, and accompanying arrest paperwork.

26. It is important to note that Defendant, CETTA, falsified official documents related to the events of September 25, 2014.

27. Defendant, CETTTA, committed perjury in his affidavit in support of the criminal complaints against Plaintiff and committed perjury in his testimony, while under oath.

28. In his testimony, Defendant, CETTA, concocted a story stating "that Plaintiff consented to opening the trunk" and "that Plaintiff used his keys to open the trunk."

29. Defendant, CETTA, further states in his testimony in the Probable Cause hearing against Plaintiff that no one entered the vehicle and opened the trunk with the lever.

30. The foregoing statements by Defendant, CETTA, are false and were pretextual to create probable cause to conduct an illegal search and seizure and subsequently arrest Plaintiff.

31. The video of the incident shows that when the Defendants arrived on the scene Plaintiff was behaving lawfully.

32. Further, the video shows that Plaintiff, BURTON, did not consent to opening the trunk and did not open the trunk with his keys.

33. In fact, the video shows that it was one of the Defendants, who entered the vehicle, without cause or provocation, and illegally opened the trunk of the vehicle to conduct an unlawful search and seizure.

6

34. Upon information and belief, Officers at the CITY have been engaging in improper practices and procedures for years, which includes but is not limited to the practice of falsifying documents, omitting information and failing to properly document incidents, particularly incidents involving illegal searches.

35. Defendants individually and collectively knew at the time of the Plaintiff's arrest, and at all times since then, that the evidence they had in connection with the charges brought against the Plaintiff was illegally obtained and insufficient to establish his guilt with respect to the charged crimes.

36. Defendants, CETTA, ORTEGA, GIOVANNIELLO and POLICE OFFICER JOHN DOES 1-10, all assisted each other and conspired with each other to commit tortuous acts against Plaintiff and to violate Plaintiff's constitutional rights.

37. Upon information and belief, the Defendants, CETTA, ORTEGA, GIOVANNIELLO and POLICE OFFICER JOHN DOES 1-10, conspired to deprive Plaintiff of his constitutional rights; specifically, by conducting and illegal search and unlawfully arresting Plaintiff.

38. Defendants engaged in misconduct, failed to adhere to procedure, rules and regulations, and wholly failed to investigate the incident.

39. Upon information and belief, prior to September 25, 2014, Defendant, CITY, was aware of and tolerated its police officers unlawfully arresting and conducting illegal searches against persons.

40. Defendant, CITY, permitted and tolerated the above referenced egregious and improper conduct by failing to seriously discipline or prosecute the Defendant officers. As a result of such failure on behalf of CITY, Defendant, Police Officers, were caused to and encouraged to believe

that individuals could be illegally searched, falsely arrested, prosecuted and imprisoned under circumstances requiring the use of illegally obtained evidence.

41. Those Defendant Officers who did not search Plaintiff failed to protect him from the illegal search and seizure, unlawful arrest, and depravation of due process, used against Plaintiff by the individually named Defendants.

42. As a result of Defendants' conduct, Plaintiff has been subjected to unlawful detention, due process violations, humiliation, anxiety, fear, emotional harm, and pecuniary loss.

43. Plaintiff also sustained economic loss as a result of the false arrest, false imprisonment, and depravation of due process, used against Plaintiff by the individually named Defendants

44. As a direct result of the Defendants' conduct, Plaintiff continues to suffer loss of income, loss of employment benefits, and loss of career opportunities. Plaintiff has suffered great financial expense in relation to the violation of his civil rights and the tortuous acts that have been committed against him by the Defendants.

## AS AND FOR COUNT ONE
## 42 U.S.C. § 1983 – FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMENTS

45. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 44 of this Complaint with the same force and effect as though fully set forth herein.

46. Plaintiff alleges numerous constitutional violations under Section 1983, which include, but is not limited to: fabrication of evidence, falsification of documents and arrest paperwork, falsification of official records, withholding of evidence, failure to follow proper policies and protocols, failure to intervene, conspiracy as it relates to the above and conspiracy as it relates to the false arrest, false imprisonment, illegal search, and abuse of process, all of which support Plaintiff's claims for constitutional violations.

47. Plaintiff alleges that Defendants, CETTA, ORTEGA, GIOVANNIELLO and POLICE OFFICER JOHN DOES 1-10, fabricated evidence as it relates to the incident involving Plaintiff on September 25, 2014, which constituted violations of the Plaintiff's constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments.  Plaintiff alleges that this conduct was intentional and malicious.

48. Plaintiff alleges that Defendants, CITY, CETTA, ORTEGA, GIOVANNIELLO and POLICE OFFICER JOHN DOES 1-10, failed to follow proper policies and protocols as it relates to the incident involving Plaintiff on September 25, 2014, which constituted violations of Plaintiff's constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments. Plaintiff alleges that this conduct was intentional and malicious.

49. Plaintiff alleges that Defendants, CETTA, ORTEGA, GIOVANNIELLO and POLICE OFFICER JOHN DOES 1-10, failed to intervene as it relates to the incident involving Plaintiff on September 25, 2014, which constituted violations of Plaintiff's constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments.  Plaintiff alleges that this conduct was intentional and malicious.

50. Plaintiff alleges that Defendants, CETTA, ORTEGA, GIOVANNIELLO and POLICE OFFICER JOHN DOES 1-10, conspired as to the  fabrication of evidence, falsification of documents and arrest paperwork, falsification of official records, failure to follow proper policies and protocols, failure to intervene, false arrest and the illegal search, as it relates to the incident involving Plaintiff on September 25, 2014, which constituted violations of Plaintiff's constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments.  Plaintiff alleges that this conduct was intentional and malicious.

51. On or about September 25, 2014, Plaintiff, BURTON, was falsely arrested, falsely seized and falsely detained, deprived of his freedom, unlawfully imprisoned and subjected to an illegal search and seizure by Defendants, CITY, CETTA, ORTEGA, GIOVANNIELLO and POLICE OFFICER JOHN DOES 1-10, in violation of Plaintiff's civil and constitutional rights afforded to him via the Fourth Amendment and the Due Process Clauses of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution, as well as 42 U.S.C. § 1983. All acts by the Defendants were committed under color of law; thus, depriving Plaintiff of rights secured by federal law and the United States Constitution.

52. On or about September 25, 2014, Defendants, CITY, CETTA, ORTEGA, GIOVANNIELLO and POLICE OFFICER JOHN DOES 1-10, falsely arrested, falsely seized and falsely detained Plaintiff; thus, depriving him of his freedom. Said seizure was made without probable cause, as Defendants were of the knowledge that Plaintiff had been unlawfully searched.

53. Upon information and belief such seizure, arrest, and detention was ordered and directed by Defendants, CITY, CETTA, ORTEGA, GIOVANNIELLO and POLICE OFFICER JOHN DOES 1-10. Defendant CETTA actively instigated and encouraged the prosecution of the Plaintiff.

54. Plaintiff was aware of his confinement and Plaintiff did not consent to being confined.

55. Upon information and belief, each of the Defendants took an active role in creating and manufacturing the charges against Plaintiff, solely for the purposes of effecting an arrest and conviction, and not to effectuate justice.

56. As part of the false arrest, detention and accusations, Defendants caused the Plaintiff to be wrongfully seized, falsely detained, falsely arrested, falsely imprisoned, and deprived of his

liberty, without probable cause.

57. The Defendants individually and collectively knew at the time of Plaintiff's arrest, and at all times since then, that the evidence they had in connection with the charges brought against Plaintiff were false, inconsistent with and insufficient to establish his guilt with respect to any of the crimes charged.

58. In arresting, detaining and interrogating Plaintiff each of the Defendants knew or should have known that they were violating federal law and the Plaintiff's constitutional rights set forth herein and had failed to prevent the same; and therefore, acted in concert to harm the Plaintiff.

59. The unlawful search by the individually named Defendants, CETTA, ORTEGA, GIOVANNIELLO and JOHN DOES 1-10, in searching and seizing contents without consent of the Plaintiff was objectively unreasonable and in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

60. Each of the Defendants, separately and in concert, acted outside the scope of their jurisdiction and without authorization of law and each of the Defendants, separately and in concert acted willfully, knowingly and purposefully with the specific intent to deprive Plaintiff of his right to freedom from illegal search and seizure of his person, freedom from illegal detention and imprisonment; and all rights that are secured to Plaintiff by the Fourth Amendment, the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution, and by 42 U.S.C. § 1983. As a direct and proximate result of the aforesaid acts of the Defendants and each of them, Plaintiff suffered mental anguish and violation of rights from then until now and Plaintiff will continue to so suffer in the future having been greatly humiliated and mentally injured, as a result of the foregoing acts of the Defendants, Plaintiff was forced to incur great expense and special damages to date for defending the false criminal

charges, attorney's fees, investigation expenses, and other expenses; which have been a serious burden to Plaintiff.

61. That by reason of the foregoing, the Plaintiff has been exposed to depravation of rights granted by law, disgrace, public humiliation and embarrassment and has been damaged in the sum of Two Million ($2,000,000.00) dollars, including the cost of this action, attorneys fees, pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR COUNT TWO
## 42 U.S.C. § 1983 – MUNICIPAL LIABILITY

62. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 61 of this Complaint with the same force and effect as though set forth herein.

63. Prior to September 25, 2014, and since, Defendant, CITY, has permitted and tolerated a pattern and practice of unjustified, unreasonable and illegal abuses, arrests and unlawful search and seizures against persons by police officers.  Despite the egregiously improper conduct, the officers involved were not prosecuted, seriously disciplined or subjected to restraint, and such incidents were in fact covered up with official claims that the harassments were justified and proper.  As a result, Defendants, CETTA, ORTEGA, GIOVANNIELLO and POLICE OFFICER JOHN DOES 1-10,  were caused and encouraged to believe that individuals could be falsely arrested, imprisoned and prosecuted, and could be subjected to unlawful searches and seizures under circumstances requiring the use of fabricated and falsified evidence, false affidavits and false testimony, false and intentionally misleading reports, ignoring and misapplying the rules and regulations, and that such behavior would, in fact, be permitted by CITY.

64. In addition to permitting a pattern of practice of improper treatment of persons, CITY has failed to maintain a proper system for oversight of officers and supervisors and for investigation of all incidents of unjustified arrests and excessive use of force by its agents/employees.

65. The CITY has failed to respond to the continuing and urgent need to prevent, restrain and discipline police officers that deprive citizens of their civil rights.

66. A system allegedly maintained by the CITY, has failed to properly review unjustified behavior and activities by police officers, and has failed to identify the violative acts by police officers and to subject officers to discipline, closer supervision or restraint to the extent that it has become the custom of the CITY to tolerate the false arrests, unlawful searches and seizures, and other wrongful actions by police officers.

67. Upon information and belief, specific systemic flaws in the CITY's police misconduct review process include but are not limited to the following:

a.      Preparing reports regarding investigations of incidents as routine point-by point justification of the police officers' actions regardless of whether such actions are justified;

b.      Police officers investigating incidents systematically fail to credit testimony by non-police officer witnesses and uncritically rely on reports by police officers involved in the incident;

c.      Police officers investigating incidents fail to include in their reports relevant factual information that would tend to contradict the statements of the police officer involved;

d.      Police officers failing to communicate, properly respond to the scene and failing to provide the proper supervision at the scene of incidents;

e.      Create and manufactured false testimony and evidence;

f.      Overlooking false and misleading statements made by Police Personnel.

13

68. The foregoing acts, omissions, systemic flaws, policies and customs of the CITY caused New York City Police Officers to believe that improper actions would not be aggressively, honestly and properly investigated with the foreseeable result that officers are most likely to act inappropriately and unreasonably, and commit tortuous and illegal acts against arrestees and other persons. These such failure continued and were part of an ongoing culture.

69. As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies and customs of the Defendant, CITY, Plaintiff was unjustifiably searched, illegally arrested, wrongfully detained and subjected to illegal search and seizure, in violation of his civil and constitutional rights.  Plaintiff has suffered and will continue to suffer from humiliation, fear, defamation of character and injury to his reputation, monetary expenses in lost wages and legal costs, personal humiliation, damage to reputation and loss of standing in the community. All of these rights are secured to Plaintiff by the provisions of the Fourth Amendment, the due process clause of the Fifth and Fourteenth Amendments of the Constitution of the United States, as well as 42 U.S.C. § 1983.

70. That by reason of the foregoing, the Plaintiff has been exposed to depravation of rights granted by law, disgrace, public humiliation and embarrassment and has been damaged in the sum of Two Million ($2,000,000.00) dollars, including the cost of this action and attorneys fees, pursuant 42 U.S.C. §1988.

**AS AND FOR COUNT THREE**
**42 U.S.C. § 1985 – CONSPIRACY**

71. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 70 of this Complaint with the same force and effect as though set forth herein.

72. Defendant CETTA's accusations and allegations against Plaintiff were false, malicious, negligent, reckless, intentional and wrongful and were intended to cause Plaintiff injury.

73. Defendants, CETTA, ORTEGA, GIOVANNIELLO and POLICE OFFICER JOHN DOES 1-10, expressly and impliedly, agreed with each other to bring about Plaintiff's seizure, arrest, detention, and unlawful search against Plaintiff, all without lawful or proper basis or justification. All without consideration of Plaintiff's rights and in violation of all of Plaintiff's rights.

74. That the false arrest, false imprisonment, unlawful search, and violation of the laws of the State of New York and Plaintiff's civil rights were brought about and caused by the actions of Defendants and that the same were a clear and intentional abuse of process causing Plaintiff damage. All of these rights are secured to Plaintiff by the provisions of the Constitution of the United States and by 42 U.S.C. § 1985.

75. That by reason of the foregoing, the Plaintiff has been exposed to depravation of rights granted by law, disgrace, public humiliation and embarrassment and has been damaged in the sum of Two Million ($2,000,000.00) dollars, including the cost of this action, attorneys fees, pursuant 42 U.S.C. §1988, and punitive damages.

## AS AND FOR COUNT FOUR
### 42 U.S.C. § 1986 – FAILURE TO INTERVENE

76. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 75 of this Complaint with the same force and effect as though set forth herein.

77. Defendants, CETTA, ORTEGA, GIOVANNIELLO and POLICE OFFICER JOHN DOES 1-10, knew or should have known that the detainment, false arrest, wrongful imprisonment, and unlawful search and seizure against Plaintiff violated the Plaintiff's rights,

guaranteed to him under the Fourth, Fifth, and Fourteenth Amendments and 42 U.S.C. § 1983, 1985 and 1986.

78. Each of the said Defendants had the authority, ability and concurrent duty under 42 U.S.C. § 1986 to prevent the false arrest, wrongful detainment and unlawful search and seizure against Plaintiff, yet neglected to prevent said violations from occurring, and further failed to intervene to protect or aid the Plaintiff when such violations did in fact occur, all without lawful or proper basis or justification.  All without consideration of Plaintiff's rights and in violation of all of Plaintiff's rights.

79. Defendants, CETTA, ORTEGA, GIOVANNIELLO and POLICE OFFICER JOHN DOES 1-10, failure to stop these wrongful actions constitute a breach of their duty to do so under 42 U.S.C. § 1986.

80. That by reason of the foregoing, the Plaintiff has been exposed to depravation of rights granted by law, disgrace, public humiliation and embarrassment and has been damaged in the sum of Two Million ($2,000,000.00) dollars, including the cost of this action, attorneys fees, pursuant 42 U.S.C. §1988, and punitive damages.

## JURY DEMAND

81. Plaintiff hereby demand trial by jury of all issues properly triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff pray for relief as follows:

That the jury find and the Court adjudge and decree that Plaintiff shall recover compensatory damage in the sum of Two Million Dollars ($2,000,000.00) against the individual Defendants and The City of New York, Jointly and severally, together with interest and costs;

and punitive damages in the sum of Two Million Dollars ($2,000,000.00) against the individual Defendants, jointly and severally.

    a.  That the Plaintiff recover the cost of the suit herein, including reasonable attorneys fees, pursuant to 42 U.S.C. § 1988.

    b.  That the Plaintiff has such other and further relief as the Court shall deem just and proper.

Dated: Forest Hills, New York
September 20, 2017

Respectfully submitted,

**RENFROE DRISCOLL & FOSTER, LLP**

By: _Patrick K. Foster_

**Patrick K. Foster, Esq.**
*Attorneys for Plaintiff*
118-35 Queens Blvd., Suite 940
Forest Hills, New York 11375
Tel. No.: (718) 261-5100
Fax No.: (718) 304-1168