UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

DESEAN BURTON,

                                          Plaintiffs,

                      -against-

CITY OF NEW YORK, POLICE OFFICER MICHELE
CETTA, TAX REG #950185, POLICE OFFICER ERIC
ORTEGA, TAX REG # 939151, and SERGEANT
ANZELMO GIOVANNIELLO, TAX REG # 932713 and
POLICE OFFICER JOHN DOES 1-10,

                                      Defendants.

-------------------------------------------------------------------- X

**ANSWER TO THE
COMPLAINT BY
DEFENDANT CITY**

17 CV 5595 (CBA) (ST)

JURY TRIAL DEMANDED

        Defendants City of New York, Police Officer Michele Cetta, Police Officer Eric
Ortega and Sergeant Anzelmo Giovanniello by their attorney Zachary W. Carter, Corporation
Counsel of the City of New York, for their answer to the Complaint, respectfully allege, upon
information and belief, as follows:

              1.      Deny the allegations set forth in paragraph "1" of the Complaint, except
admit that plaintiffs purport to bring this action as stated therein.

              2.      Deny the allegations set forth in paragraph "2" of the Complaint except
plaintiff purports to invoke the jurisdiction of the Court as stated therein.

              3.      Deny the allegations set forth in paragraph "3" of the Complaint, except
admit that plaintiffs purport to invoke the pendant jurisdiction of the Court as stated therein.

              4.  Deny the allegations set forth in paragraph "4" of the Complaint, except admit
that plaintiffs purport to base venue as stated therein.

5.      Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6.      Deny the allegations set forth in paragraph "6" of the Complaint except admit that the City of New York is a municipal corporation duly organized under the laws of the State of New York and that Police Officer Michele Cetta, Police Officer Eric Ortega and Sergeant Anzelmo Giovanniello are employed by the City of New York and are members of the New York City Police Department.

7.      Deny the allegations set forth in paragraph "7" of the Complain except admit that Michelle Cetta is employed by the City of New York and is a member of the New York City Police Department.

8. Deny the allegations set forth in paragraph "8" of the Complain except admit that Eric Ortega is employed by the City of New York and is a member of the New York City Police Department.

9. Deny the allegations set forth in paragraph "9" of the Complain except admit that Anzelmo Giovanniello is employed by the City of New York and is a member of the New York City Police Department.

10.     Deny knowledge and information sufficient to form a belief as to the identities of the John Doe Police Officers set forth in paragraph "10" of the Complaint.

11.     Paragraph "11" of the Complaint sets forth conclusions of law for which no response is required.

12.     Deny the allegations set forth in paragraph "12" of the Complaint.

13.     Deny the allegations set forth in paragraph "13" of the Complaint.

14.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15.     Admit the allegations set forth in paragraph "15" of the Complaint.

16.     Deny the allegations set forth in paragraph "16" of the Complaint.

17.     Deny the allegations set forth in paragraph "17" of the Complaint.

18.     Deny the allegations set forth in paragraph "18" of the Complaint.

19.     Deny the allegations set forth in paragraph "19" of the Complaint.

20.     Deny the allegations set forth in paragraph "20" of the Complaint.

21.     Deny the allegations set forth in paragraph "21" of the Complaint but admit Cetta testified at a hearing on September 15, 2016.

22.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint and deny the search was illegal and the arrest unlawful.

23.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint and deny defendants acted unlawfully.

25.     Deny the allegations set forth in paragraph "25" of the Complaint.

26.     Deny the allegations set forth in paragraph "26" of the Complaint.

27.     Deny the allegations set forth in paragraph "27" of the Complaint.

28.     Deny the allegations set forth in paragraph "28" of the Complaint.

29.     Deny the allegations set forth in paragraph "29" of the Complaint.

30.    Deny the allegations set forth in paragraph "30" of the Complaint.

31.    Deny the allegations set forth in paragraph "31" of the Complaint.

32.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint.

33.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint and deny Defendants acted unlawfully.

34.    Deny the allegations set forth in paragraph "34" of the Complaint.

35.    Deny the allegations set forth in paragraph "35" of the Complaint.

36.    Deny the allegations set forth in paragraph "36" of the Complaint.

37.    Deny the allegations set forth in paragraph "37" of the Complaint.

38.    Deny the allegations set forth in paragraph "38" of the Complaint.

39.    Deny the allegations set forth in paragraph "39" of the Complaint.

40.    Deny the allegations set forth in paragraph "40" of the Complaint.

41.    Deny the allegations set forth in paragraph "41" of the Complaint.

42.    Deny the allegations set forth in paragraph "42" of the Complaint.

43.    Deny the allegations set forth in paragraph "43" of the Complaint.

44.    Deny the allegations set forth in paragraph "44" of the Complaint.

45.    In response to the allegations set forth in paragraph "45" of the Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein

46.    Deny the allegations set forth in paragraph "46" of the Complaint.

47.    Deny the allegations set forth in paragraph "47" of the Complaint.

48.     Deny the allegations set forth in paragraph "48" of the Complaint.

49.     Deny the allegations set forth in paragraph "49" of the Complaint.

50.     Deny the allegations set forth in paragraph in paragraph "50" of the Complaint.

51.     Deny the allegations set forth in paragraph "51" of the Complaint.

52.     Deny the allegations set forth in paragraph "52" of the Complaint.

53.     Deny the allegations set forth in paragraph "53" of the Complaint.

54.     Deny the allegations set forth in paragraph "54" of the Complaint.

55.     Deny the allegations set forth in paragraph "55" of the Complaint.

56.     Deny the allegations set forth in paragraph "56" of the Complaint.

57.     Deny the allegations set forth in paragraph "57" of the Complaint.

58.     Deny the allegations set forth in paragraph "58" of the Complaint.

59.     Deny the allegations set forth in paragraph "59" of the Complaint.

60.     Deny the allegations set forth in paragraph "60" of the Complaint.

61.     Deny the allegations set forth in paragraph "61" of the Complaint.

62.     In response to the allegations set forth in paragraph "62" of the Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

63.     Deny the allegations set forth in paragraph "63" of the Complaint.

64.     Deny the allegations set forth in paragraph "64" of the Complaint.

65.     Deny the allegations set forth in paragraph "65" of the Complaint.

66.    Deny the allegations set forth in paragraph "66" of the Complaint.

67.     Deny the allegations set forth in paragraph "67" of the Complaint.

68.   Deny the allegations set forth in paragraph "68" of the Complaint.

69.   Deny the allegations set forth in paragraph "69" of the Complaint.

70.   Deny the allegations set forth in paragraph "70" of the Complaint.

71.   In response to the allegations set forth in paragraph "71" of the Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

72.   Deny the allegations set forth in paragraph "72" of the Complaint.

73.   Deny the allegations set forth in paragraph "73" of the Complaint.

74.   Deny the allegations set forth in paragraph "74" of the Complaint.

75.   Deny the allegations set forth in paragraph "75" of the Complaint.

76.   In response to the allegations set forth in paragraph "76" of the Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

77.   Deny the allegations set forth in paragraph "77" of the Complaint.

78.   Deny the allegations set forth in paragraph "78" of the Complaint.

79.   Deny the allegations set forth in paragraph "79" of the Complaint.

80.   Deny the allegations set forth in paragraph "80" of the Complaint.

81.   Paragraph "81" is a Jury Demand for which no response is required.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

82. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

83. There was probable cause for plaintiffs' arrest, detention and prosecution.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

84. This action may be barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

85. Plaintiffs cannot obtain punitive damages against defendant City of New York.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

86. The Individual Defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

87. At all times relevant to the acts alleged in the Complaint, the Individual Defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

88. Defendant City has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any Act of Congress providing for the protection of civil rights.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

89. At all times relevant to the incident, Defendant City of New York and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion. As such, Defendant City of New York is entitled to governmental immunity.

**WHEREFORE,** Defendants City of New York, Police Officer Michele Cetta, Police Officer Eric Ortega and Sergeant Anzelmo Giovanniello, respectfully request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:       New York, New York
             January 23, 2018

                            ZACHARY W. CARTER
                            Corporation Counsel of the
                            City of New York
                            *Attorney for Defendants City, Cetta, Ortega and*
                            *Giovanniello*
                            100 Church Street, Room 3-218
                            New York, New York 10007
                            (212) 356-2656

                    By:     ___/s/_____

                            Paul H. Johnson
                            Assistant Corporation Counsel
                            Special Federal Litigation Division

TO:          Patrick K. Foster, Esq. **(via ECF)**
             *Attorney for Plaintiff*
             118-35 Queens Boulevard
             Suite 940
             Forest Hills, New York 11375

- 8 -

Index No. 17 CV 1303 (WFK) (RLM)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RONALD E. BARNES,

Plaintiff,

-against-

THE CITY OF NEW YORK, DET. JOSEPH
GAROFALO,

Defendants.

**ANSWER TO THE COMPLAINT BY DEFENDANT
CITY**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City and Garofalo*
*100 Church Street Rm 3-218*
*New York, New York 10007*

*Of Counsel: Paul H. Johnson*
*Tel: (212) 356-2656*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ...................................., 2015 . . .*

*.................................................................. Esq.*

*Attorney for ..........................................................*